## RORER *v.* O'BRIEN.

*The husband cannot recover the wife's land against her consent, where they are living separate by reason of his ill treatment, for which proceedings for divorce are pending.*

IN error from the Common Pleas of Montgomery.

*March* 30. Ejectment by O'Brien and wife, for lands devised to the wife for life. The wife disclaimed the action, and the defendants offered to show that the plaintiff and his wife were living separate and apart by reason of ill treatment by the husband, and that proceedings for divorce on those grounds were pending. The court rejected the evidence.

*Freedley*, for plaintiff in error.—The point is settled in 9 W. 90.

*Mulvany*, contrà.—Until divorce is granted, the court cannot interfere with the legal rights of the husband.

*April* 2. COULTER, J.—Michael O'Brien has the legal estate of the lands in question, under the will of Jacob Rorer, the father of his wife. But he has the legal estate subject to a trust in favour of his wife, who is the real beneficiary of the will, and is entitled to a separate estate, free from his debts, &c. This kind of separate interest in the wife is fully recognised by the law, and it will not fail for want of means to protect it under our peculiar system of jurisprudence. If the facts offered in evidence are satisfactorily proved, they will present a case calling upon the court for its equitable interposition. In Rees *v.* Waters, 9 W. 90, it is said that a court of law in Pennsylvania will not lend its aid to a husband who has deserted his wife, to enable him to recover her *choses in action*, without making a suitable provision for her maintenance; and why should the principal be different as regards her real estate ?

As we have not the evidence before us, it is not for us to pro-

nounce any judgment on the facts, further than that they ought to have been admitted in evidence.

Judgment reversed, and a *venire de novo* awarded.